J. R. WATSON, ALIAS JOE WATSON, ALIAS TEEHEE WATSON, V. THE STATE.

No. 14735. Delivered April 13, 1932.

The opinion states the case.

*Shivers & Baker,* of Port Arthur, and *Howth, Adams & Hart,* all of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, ten years in the penitentiary.

We deem it necessary to discuss but one question. Appellant sought a continuance because of the absence of his wife and two other witnesses. As to the other witnesses, diligence is not shown. As to the wife, she was shown by a certificate of a physician, as well as oral testimony given before the court, to be in a hospital as a result of an operation, at the time the case was tried. The bill of exception complaining of the refusal

of the continuance is approved with the statement by the learned trial judge that the testimony showed that appellant's wife went with him to Goose Creek, Texas, some seventy-five miles from Port Arthur, to the scene of the killing, three days before the opening date of this trial; also that she had suffered from the abscess, ·necessitating the operation, some six weeks before the date of trial, that the doctor had frequently advised the operation, and she had declined to consent to it. We infer from this qualification that the trial court must have concluded that the witness could have postponed the operation, and could have been present if in fact her testimony had been seriously desired by·the defense. We have carefully examined the testimony of the doctor as given orally before the court when the motion was overruled and note that he said the woman had been suffering much pain from the abscess for a number of weeks, and that he had often advised her that she could not get well until she was operated upon, but that she objected to taking the anaesthetic, also going to the hospital, until he finally talked her into having the operation on the day before this trial. He said she consented to it, and was operated upon about eight o'clock the morning of the day the case was called for trial.

We cannot say that the trial court did not have some ground for his conclusion, but inasmuch as the woman is not the sufferer in case her testimony was not before the jury, and appellant is the one who may have been injured thereby, it seems to us somewhat dangerous to charge or attempt to charge appellant with the onus of the absence of the witness, especially when the doctor testified positively that he himself talked her into having the operation at the time it was performed. There seems little doubt as to the materiality of the testimony of the wife. The state and appellant both seem agreed that the motive for the killing was chiefly anger and excitement aroused by appellant learning of intimacy between his wife and deceased, and attentions paid to the woman by deceased. We have searched the record to see if the state's testimony suggests any other motive than this, and find no testimony supporting any other motive. Appellant claims to have had a double motive, he testifying that when he met deceased on the occasion of the killing and spoke to him, intending to ask him for an explanation of his conduct, deceased assaulted him, and that the killing was in self-defense. Appellant testified that shortly before the killing his wife told him that deceased had forced her to submit to him, and had forced his attentions upon her at her home. He introduced another witness who testified that a few hours before the killing he talked with appellant and informed him that he had observed deceased going with appellant's wife and going to their home in the absence of appellant. The affidavit of appellant's wife was attached to the motion for new trial, and in same it is set up that she would have testified that deceased had forced his attentions upon her and had forced her to have sexual inter-

484

course with him, and that she informed appellant of these facts a few hours before the killing, and he became enraged.

We doubt if we would be justified in holding the action of the trial judge not an abuse of his discretion in the refusal of the continuance. The state insists that had the woman been present and testified as set out in her affidavit, it is not at all likely there would have been a different result. The matter is too speculative. We cannot tell what impression the presence and testimony of the woman before the jury might have made upon them. Ordinarily juries do not pay a great deal of attention to the person accused of crime who testifies in his own behalf. No one testified to a communication of the wife to her husband of the facts above set out, save appellant himself. We think the motion for new trial, based on the refusal of the continuance, should have been granted.

Voluntary improper relations of appellant's wife with deceased and other men were provable as rebutting and combating the claim of appellant that the woman told him that deceased had forced his attentions upon her, and forced her to have sexual relations with him. Complaint of the reception of such testimony was of no avail.

Complaints directed at the argument of state's attorney will not be discussed because same will doubtless not appear upon another trial.

We confess ourselves unable to see any right on the part of the state to prove that deceased was hurt in Belgium during the World War and that he had been operated upon unsuccessfully, and that he was sickly and unable to work at the time he was killed. Nothing in such prooof would aid the state in legally establishing the guilt of the accused, or in properly rebutting any defensive theory advanced.

The propriety of proving that appellant and his witness Goss had been convicted in the Federal court of misdemeanors and paid a fine therefor is open to serious question. The introduction of such testimony seems to contribute little to the state's case, and often jeopardizes the result upon appeal, and should not be allowed.

For the error mentioned, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*